1    Forrest Booth (SBN 74166)
     Steven L. Rodriguez (SBN 199313)
2    COZEN O'CONNOR
     425 California Street, Suite 2400
3    San Francisco, California  94104
     Telephone: 415.617.6100
4    Facsimile:  415.617.6101

5    Attorneys for Defendants
     LLOYD'S SYNDICATE NUMBER 1861 and
6    LLOYD'S SYNDICATE NUMBER 2020[1]

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10   TIG INSURANCE COMPANY, a California        )   Case No.: C 06 0047 MJJ
     company,                                   )
11                                              )   **MEMORANDUM OF POINTS AND**
                  Plaintiff,                    )   **AUTHORITIES IN SUPPORT OF**
12                                              )   **DEFENDANTS' MOTION TO DISMISS**
          v.                                    )   **FOR IMPROPER VENUE (12(B)(3));**
13                                              )   **OR IN THE ALTERNATIVE TO**
     LLOYD'S SYNDICATE NUMBER 1861 and          )   **TRANSFER FOR IMPROPER VENUE**
14   LLOYD'S SYNDICATE NUMBER 2020,             )   **(28 U.S.C. § 1406(A)) OR IN THE**
                                                )   **ALTERNATIVE TO TRANSFER FOR**
15                Defendants.                   )   **CONVENIENCE (28 U.S.C. § 1404(A))**
                                                )
16                                              )   Complaint Filed:  November 21, 2005
                                                )
17                                              )   **(ORAL ARGUMENT REQUESTED)**
                                                )
18                                              )   [Fed. R. Civ. P. 12(B)(3), Alternatively, 28
                                                )   U.S.C. §1406(A) and 28 U.S.C. §1406(A)]
19                                              )
                                                )   Date:  Tues., Feb. 28, 2006
20                                              )   Time:  9:30 a.m.
                                                )   Courtroom:  11, 19th Floor
21                                              )   Judge:      Hon. Martin J. Jenkins
                                                )
22                                              )   [**Accompanying Documents**: Notice of
                                                )   Motion and Motion; Declaration of Vincent
23                                              )   P. Nesci; Declaration of Roland Birch;
                                                )   Declaration of Forrest Booth; Proposed
24                                              )   Order]
                                                )
25   _____)

26

27   _____
     [1] Syndicate 2020 is not a proper party hereto; Syndicate 1861 is the lead syndicate on Plaintiff's reinsurance program,
28   and hence under Lloyd's rules, is the only proper party herein.

     _____
           DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
                                (CASE NO. C 06 0047 MJJ)

Defendants LLOYD'S SYNDICATE NUMBER 1861 and LLOYD'S SYNDICATE NUMBER 2020[2] (hereinafter collectively referred to as "Defendants) submit the following Memorandum of Points and Authorities in support of their Motion To Dismiss For Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3), without leave to amend; or alternatively, to transfer this lawsuit to New York, where it can be consolidated with the declaratory relief action concerning the same issues, which is currently pending in the Southern District of New York (filed on January 6, 2006 and bearing case no. 06 CV 0111)[3] pursuant to 28 U.S.C. §1406(a); or alternatively, to transfer to said district where the New York action is pending, for the convenience of the parties and witnesses under 28 U.S.C. §1404(a).

## I.  INTRODUCTION

This reinsurance lawsuit filed by plaintiff TIG INSURANCE COMPANY (hereinafter "Plaintiff") arises from Defendants' alleged "refus[al] to pay a number of legitimate claims submitted by TIG under the Reinsurance Contract" issued by Defendants. *See*, Plaintiff's Complaint, p.3, ¶ 13. Plaintiff alleges four causes of action in its Complaint against Defendants: 1) "Breach of Contract" (first cause of action); 2) "Tortious Breach of Insurance Contract and Declaratory Relief" (second cause of action); 3) Declaratory Relief (third cause of action); and 4) Punitive Damages (fourth cause of action). **No fact or occurrence** giving rise to the lawsuit occurred in this state. California is an improper forum. This case should be dismissed on that basis.

The underlying facts giving rise to this lawsuit all occurred in the State of New York. Plaintiff's principal place of business is in the State of Texas, Plaintiff's insurance underwriters are located in the states of Texas and Pennsylvania, Plaintiff's documents are located in the State of Pennsylvania, and the percipient witnesses and parties to the underlying personal injury matters are located in the State of New York. Furthermore, the reinsurance at issue was underwritten in London, England.

---

[2] Syndicate 2020 is not a proper party hereto; Syndicate 1861 is the lead syndicate on Plaintiff's reinsurance program, and hence under Lloyd's rules, is the only proper party herein.
[3] The parties to the New York Action are Tonicstar Limited As Sole Capital Provider For Syndicate 1861 At Lloyd's of London, plaintiff, and TIG Insurance Company, defendant. *See* Exhibit A to the Declaration of Forrest Booth, filed herewith.

1

1  If the Court does not dismiss this lawsuit because it has been filed in an improper venue, this

2  Court should transfer this lawsuit to New York, where it can be consolidated with the declaratory

3  relief action concerning the same issues, which is currently pending between the same parties in the

4  Southern District of New York (filed on January 6, 2006 and bearing case no. 06 CV 0111),[4]

5  pursuant to 28 U.S.C. §1406(a). Alternatively, this Court should transfer this case to said district

6  where the New York Action is pending, for the convenience of parties and witnesses, under 28

7  U.S.C. §1404(a).

## II.    PERTINENT FACTS

9  The subject of this lawsuit has **nothing whatever** to do with California. Underlying events

10  occurred in, and witnesses and documents are located in, New York, New Hampshire, Pennsylvania,

11  Texas, and London, England. The facts, sorted by location, are as follows:

### NEW YORK

13  1.    Plaintiff issued a policy of insurance to the Port Authority of New York & New

14  Jersey for the "JFK Airtrain Project", connecting the terminals of John F. Kennedy Airport in New

15  York with Jamaica, New York.[5]

16  2.    All of TIG's reinsurance claims presented to Defendants arise out of, and pertain to,

17  the construction of the JFK Airtrain Project on Long Island, New York.[6]

18  3.    Personal injury accidents occurred in New York during the construction of the JFK

19  Airtrain Project.[7]

20  4.    The injured individuals filed lawsuits in the courts of the five boroughs of the City of

21  New York, principally Queens County and Kings County, New York.[8]

---

[4] The parties to the New York Action are Tonicstar Limited As Sole Capital Provider For Syndicate 1861 At Lloyd's of London, as plaintiff, and TIG Insurance Company, as defendant.
[5] *See* Declaration of Vincent P. Nesci (hereinafter the "Nesci Declaration"), filed herewith, ¶ 3; Declaration of Roland Birch (hereinafter the "Birch Declaration"), ¶ 3.
[6] *See* Birch Declaration, ¶ 7.
[7] *See* Nesci Declaration, ¶¶ 3,10,11.
[8] *See* Nesci Declaration, ¶ 5.

2

5.      The injured New York plaintiffs were employed on the Airtrain Project in New York by the Rail Transit Consortium, Bombardier, Skanska, or subsidiaries of one of those New York companies.[9]

6.      The attorneys TIG assigned to defend the personal injury cases are the firm of Wilson Elser Moskowitz Edelman & Dicker of New York, New York.[10]

7.      Plaintiff initially assigned Risk Management Planning Group of Long Island, New York, to handle claims under Plaintiff's policy on the JFK Airtrain Project.[11]

8.      The attorney who performed a claims review for Defendants is located in New York and is a partner in a law firm located in White Plains, New York.[12]

9.      Plaintiff's policy of reinsurance was placed with Defendants through its insurance broker AON Hammond and Racine, Inc., whose offices are in Mineola, New York.[13]

**NEW HAMPSHIRE**

10.     TIG's reinsurance files are located in New Hampshire.[14]

11.     Defendants' representative examined TIG's reinsurance files in Manchester, New Hampshire.[15]

**PENNSYLVANIA**

12.     All of TIG's claims files were recently sent to Lehigh, Pennsylvania, to TIG's claims office there, and are currently located in that office.[16]

**TEXAS**

13.     TIG's principal place of business is Irving, Texas.[17]

14.     At some point, TIG shipped all of its claims files to Irving (Dallas), Texas.[18]

---

[9]  *See* Nesci Declaration, ¶ 11.
[10]  *See* Nesci Declaration, ¶ 10.
[11]  *See* Nesci Declaration, ¶ 6.
[12]  *See* Nesci Declaration, ¶¶ 2,4,5,6.
[13]  *See* Birch Declaration, ¶ 5.
[14]  *See* Nesci Declaration, ¶ 8.
[15]  *Id.*
[16]  *See* Nesci Declaration, ¶ 9.
[17]  A GOOGLE Internet search shows this address. *See* Booth Declaration, Exhibit B, and ¶ 5 thereto.
[18]  *See* Nesci Declaration, ¶ 6.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
(CASE NO. C 06 0047 MJJ)

15.     Defendants' representative Mr. Nesci reviewed TIG's claims files in Dallas, Texas, and met with Al Freudenheim there, who was the claims manager of TIG for the JFK Airtrain Project.[19]

**LONDON, ENGLAND**

16.     TIG's policy of reinsurance was underwritten by the Defendant reinsurers in London, England.[20]

17.     TIG's policy of reinsurance was placed through TIG's London reinsurance brokers, Heath Lambert Limited of London, England.[21]

18.     The lead reinsuring underwriter of Plaintiff's reinsurance is Lloyd's Syndicate 1861 at Lloyd's of London.[22]

19.     The claims adjuster for Lloyd's Syndicate 1861, who has responsibility for conducting the defense of this action, is located in London, England.[23]

20.     TIG's reinsurance claims have been presented to Defendants in London by TIG's insurance broker Heath Lambert Limited.[24]

**CALIFORNIA**

There are no California contacts.  TIG claims to be incorporated in California, but that is of no significance since TIG appears to have no offices or employees here.  No California insurance broker, agent or representative was involved in the placing of TIG's reinsurance with Defendants.[25]  No individual who resides in or works in California was involved in the placing of this reinsurance with the Defendant Lloyd's Syndicates.[26]  No TIG claim file is located in California.[27]  No personal injury plaintiff resides in California.[28]  No claim file presented to Defendants' representative for

---

[19] *See* Nesci Declaration, ¶ 6,7.
[20] *See* Birch Declaration, ¶ 4,2
[21] *Id.*
[22] *See* Birch Declaration, ¶ 2.
[23] *See* Birch Declaration, ¶ 2 and signature line thereof.
[24] *See* Birch Declaration, ¶ 7.
[25] *See* Birch Declaration, ¶ 6.
[26] *Id.*
[27] *See* Nesci Declaration, ¶ 12.
[28] *Id.*

4

1   review involved a plaintiff's attorney whose office is in California.[29]  None of TIG's assigned

2   defense attorneys are located in California.[30]  TIG presented none of its claims files for review by

3   Defendants' representative in California.[31]

4         Defendants' representative was led to believe that none of TIG's claims files are located in

5   California.[32]  Defendants' representative was not advised of any witness, treating physician, plaintiff,

6   defendant, claims adjustor, attorney or other party or individual who is located in California, who

7   played any role or has any knowledge regarding the underlying claims against TIG or TIG's

8   reinsurance.[33]

9   **III.    POINTS AND AUTHORITIES**

10      **A.    Defendants' Jurisdictional Challenges Are Timely**

11        A defendant "does not waive jurisdictional challenges by removing the case to federal

12  court."[34]  *See*, <u>Dielsi v. Falk</u>, 916 F.Supp. 985, 994 (C.D. Cal. 1996), citing <u>Schwarzer</u>, et al., Federal

13  Civil Procedure § 2:1034 (citing <u>Pennebaker v. Kawasaki Motors Corp.</u>, 155 F.R.D. 153, 157 (S.D.

14  Miss. 1994)).

15      **B.    This Lawsuit Should Be Dismissed On Forum Non-Conveniens Grounds Because It Has Been Filed In An Improper Venue**

16

17        The seminal case on the doctrine of forum non conveniens is <u>Gulf Oil Corp. v. Gilbert</u>, 330

18  U.S. 501 (1947).  In that case, the Supreme Court held, "The principle of *forum non conveniens* is

19  simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized

20  by the letter of a general venue statute. ... the open door may admit those who seek not simply

21  justice but perhaps justice blended with some harassment." 330 U.S. at 507.  "... the plaintiff may

22  not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting

23  upon him expense or trouble not necessary to his own right to pursue his remedy." *Id.*, at 508.  The

24  Supreme Court set forth a number of factors to be considered, including the relative ease of access to

---

25  [29] *Id.*

   [30] *Id.*

26  [31] *Id.*

   [32] *Id.*

27  [33] *Id.*

   [34] Plaintiff filed its Complaint on November 21, 2005 in the Contra Costa County Superior Court and thereafter

28  perfected service upon Defendants, which timely removed the case to this federal court on January 6, 2006.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
(CASE NO. C 06 0047 MJJ)

1   the documents and witnesses, the availability of compulsory process to force the unwilling to give

2   evidence, the cost of obtaining attendance of willing witnesses, the possibility of viewing any

3   physical evidence, and other practical problems making trial in the jurisdiction either expensive or

4   inexpensive.  The Supreme Court also pointed to its desire that congested U.S. courts not be

5   burdened with cases they do not need to handle, and the Court's desire not to burden jurors with

6   cases that appropriately should be heard elsewhere.  Id., at 508.

7        A motion to dismiss based on forum non-conveniens is to be determined on a case by case

8   basis.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  In making such

9   determinations, courts weigh a number of factors to determine whether a transfer is appropriate.  Id.

10  For example, courts may consider:

11                  (1) the location where the relevant agreements were negotiated and
                    executed, (2) the state that is most familiar with the governing law,
12                  (3) the plaintiff's choice of forum, (4) the respective parties' contacts
                    with the forum, (5) the contacts relating to the plaintiff's cause of
13                  action in the chosen forum, (6) the differences in the costs of litigation
                    in the two forums, (7) the availability of compulsory process to compel
14                  attendance of unwilling non-party witnesses, and (8) the ease of access
                    to the sources of proof.  Id. at 498-499.
15

16       Applying the requisite analysis above, the appropriate forum is New York:  (1) none of

17  relevant reinsurance agreements were either negotiated or executed in California; (2) the personal

18  injuries occurred in New York; (3) the personal injury lawsuits are pending in New York; (4) the

19  state that is most familiar with the governing New York law is New York; (5) the plaintiff's choice

20  of forum, California, has no connection to this case; (6) Plaintiff's principal place of business is

21  Texas; (7) Defendants entered into the reinsurance agreement in London, England; (8) California has

22  no connection with Plaintiff's causes of action; (9) litigation in California will be much more costly

23  than litigation in New York, because none of the witnesses and documents are located in this state

24  and California has no connection with the facts of this lawsuit; (10) the New York District Court will

25  have the means to compel the attendance of unwilling non-party witnesses; and (11) the sources of

26  proof are either in the State of New York or elsewhere on the East Coast (Pennsylvania).

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
(CASE NO. C 06 0047 MJJ)

1    The underlying lawsuits, witnesses, records, and all other documents have no connection

2    with California.  The underwriters and witnesses to this case are not located in California, but are at

3    least 2,500 miles away from here, or overseas.  The potential witnesses, the custodians of the

4    relevant records and the records themselves are available and can be more readily viewed and copied

5    in New York, especially since the Southern District of New York can compel their production, and

6    also the witnesses' attendance, if necessary.  Plaintiffs' lawsuit will involve many East Coast

7    residents.  This case should and must be litigated in New York.

8        A motion to dismiss for improper venue has to be determined on its specific facts.  <u>Jones v.</u>

9    <u>GNC Franchising</u>, *supra*, 211 F.3d at 498.  In making such determinations, courts weigh a number of

10   factors to determine whether a dismissal is appropriate.  *Id.*  For example, courts may consider, *inter*

11   *alia*, the state that is most familiar with the governing law, the respective parties' contacts with the

12   forum, the differences in the costs of litigation in the two locations, and the availability of

13   compulsory process to compel the attendance of unwilling non-party witnesses.

14       Defendants believe that the circumstances of this case and judicial economy dictate that this

15   matter will be more effectively and efficiently litigated in New York.  Accordingly, this case should

16   be dismissed pursuant to Fed.R.Civ.P. 12(b)(3).

17   **C.    In The Alternative, The Court Should Transfer This Lawsuit To the**
     **United States District Court, Southern District of New York Pursuant 28**
18   **U.S.C. 1406(a)**

19   28 U.S.C. § 1406(a) states in pertinent as follows:

20           (a) The district court of a district in which is filed a case laying venue
             in the wrong division or district shall dismiss, or if it be in the interest
21           of justice, transfer such case to any district or division in which it
             could have been brought.
22
     Defendants allege that the facts of this case, and controlling Ninth Circuit law, require that
23
     this case be dismissed, for the reasons set forth above.  However, if the Court does not agree,
24
     Defendants urge that the case be transferred to the United States District Court, Southern District of
25
     New York, where Plaintiff could have filed suit in the first place.[35]  It would be grossly unfair to
26

27   _____

28   [35]  Plaintiff could have sued there because Defendants regularly do business in New York and admit that they are subject
     to the jurisdiction of the U.S. District Court for the Southern District of New York.

     7

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
(CASE NO. C 06 0047 MJJ)

1    Defendants to force them to engage in massive East Coast discovery from California, when all of the

2    documents and witnesses are located in New York and other East Coast states. "… [T]he burden on

3    the defendant is 'always a primary concern'". World-Wide Volkswagen Corp. v. Woodson, 444

4    U.S. 286, 292 (1980). When most of the evidence is located outside of California, "… California is

5    a poor choice as a forum to resolve this dispute." Paccar International, Inc. v. Commercial Bank of

6    Kuwait, S.A.K., 757 F.2d 1058, 1066 (9th Cir. 1985) (holding that the trial court's exercise of

7    jurisdiction was unreasonable, since most of the evidence was located in Kuwait).

8           Here, all of the relevant witnesses and documents regarding the underwriting of the insurance

9    and reinsurance at issue are located either in London, England, see Birch Declaration, ¶¶ 3,4,5, in

10   Texas, or in and around New York. Id., ¶ 5; Necsi Declaration, ¶¶ 6,7,8,9,10,11. To the extent

11   documents and other evidence are required from non-party brokers and others, they are also located

12   in England, see Birch Declaration, ¶ 4, or in New York and/or other East Coast states such as New

13   Hampshire and Pennsylvania. See Birch Declaration, ¶ 5; Nesci Declaration ¶¶ 6,8,9,10,11.

14          Pursuant to 28 U.S.C. 1406(a), an action may be transferred only to a district in which "'it

15   could have been brought." The Southern District of New York is such a court. Plaintiff has the right

16   to sue Defendants in any New York court. As stated in Plaintiff's Complaint, "Pursuant to the

17   Reinsurance Contract, Lloyd's has agreed to accept service in, and submit to the personal

18   jurisdiction of, any court in the United States." See Plaintiff's Complaint, p. 2, ¶ 5.[36]

19          **D.    In The Alternative, For The Convenience Of The Parties And Witnesses,
20                 And In The Interest Of Justice, This Case Should Be Transferred To The
                   Southern District Of New York Pursuant To 28 U.S.C. 1404(a)**

21          28 U.S.C. § 1404(a) states in pertinent as follows:

22                 (a) For the convenience of parties and witnesses, in the interest of
23                 justice, a district court may transfer any civil action to any other
                   district or division where it might have been brought.

24          As established above, Plaintiff has the right to sue Defendants in any New York court. As

25   noted in Plaintiff's Complaint, "Pursuant to the Reinsurance Contract, Lloyd's has agreed to accept

26   service in, and submit to the personal jurisdiction of, any court in the United States." See Plaintiff's

27

28   ───────────────────
     [36] Pursuant to the Reinsurance Contract, Defendants retained the right to remove a case to federal court and to challenge
     whether the forum is improper.

                                                    8
     ───────────────────────────────────────────────────────────
     DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
                            (CASE NO. C 06 0047 MJJ)

Complaint, p.2, ¶ 5.  There is a New York action currently pending between the same parties in the Southern District of New York.  If this Court does not dismiss this lawsuit for improper venue under F.R.C.P. 12(b)(3), then for the convenience of the parties and witnesses, this case should be transferred to the Southern District of New York, where it can be consolidated with the case pending there.

According to the Ninth Circuit Court of Appeal in <u>A.J. Industries v. U.S. Dist. Court for Cent. Dist.</u>, 503 F.2d 384 (9th Cir. 1974), the ability to consolidate the current matter with another lawsuit pending in another jurisdiction is significant in an analysis of whether to transfer under 28 U.S.C § 1404(a).

> The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.

*See* <u>A.J. Industries</u>, *supra*, 503 F.2d at p.389 (citations omitted).

The injured individuals who brought the underlying claims were employed by the subcontractors of or by certain members of the Rail Transit Consortium, Bombardier, Skanska, or subsidiaries of one of those companies.  *See* Necsi Declaration, ¶ 11.  Most of them were doing their work on the Airtrain Project in New York.  *See* Necsi Declaration, ¶ 11.  There were also certain minor third party claims brought in New York by non-workers for traffic accidents on the Van Wyck Expressway, slip and falls in the terminals under completion, and other such accidents.  *See* Necsi Declaration, ¶ 11.

No claim file that the Defendants' representative Mr. Nesci reviewed involved a lawsuit filed in California, a plaintiff who resides in California, a plaintiff's attorney whose office was in California, or defense counsel in California.  *See* Necsi Declaration, ¶ 12.  No claims files are located in California.  *See* Necsi Declaration, ¶ 12.  Therefore, any witnesses testifying with regard to the claims files will have to travel to California.  From Mr. Nesci's review of the claims files, he was not made aware of any witness, treating physician, plaintiff, defendant, claims adjuster, attorney or other party or individual who was located in California, who had anything to do with any of the claims files, the handling or adjustment of any of the claims, or TIG's reinsurance.  *See* Necsi

9

1   Declaration, ¶ 12. All of those individuals are located outside of the State of California. Underlying

2   events occurred in, and witnesses and documents are located in, New York, New Hampshire,

3   Pennsylvania, Texas, and London. The attorney who performed the claims review for Defendants is

4   located in New York and is a partner in a law firm located in White Plains, New York. *See* Necsi

5   Declaration, ¶¶ 2,4,5,6,7,8.

6        Litigation of this case in New York would be more convenient for the witnesses, and far

7   more efficient and economical than in California. If the Court does not dismiss Plaintiff's lawsuit, it

8   should transfer the case to the Southern District of New York.

9   **IV.    CONCLUSION**

10       For the reasons set forth above, Defendants respectfully request that the Court grant their

11   motion to dismiss without leave to amend. The United States District Court, Northern District of

12   California is an improper and inconvenient venue. Alternatively, this Court should transfer this

13   lawsuit to New York, pursuant to 28 U.S.C. §1406(a), where it can be consolidated with the

14   declaratory relief action currently pending in the Southern District of New York (filed on January 6,

15   2006 and bearing case no. 06 CV 0111), or alternatively, to transfer to said district in New York for

16   the convenience of the parties and witnesses, pursuant to 28 U.S.C. §1404(a).

17   DATED: January 11, 2006                    COZEN O'CONNOR

18

19                                              By: _____

20                                              FORREST BOOTH
                                                STEVEN L. RODRIGUEZ
21                                              Attorneys for Defendants
                                                LLOYD'S SYNDICATE NUMBER 1861 AND
22                                              LLOYD'S SYNDICATE NUMBER 2020[37]

23   SANFRAN1\35183\1 099994.000

24

25

26

27

28   [37] *Id.*

                                                10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE
(CASE NO. C 06 0047 MJJ)

**PROOF / CERTIFICATE OF SERVICE**

 I, the undersigned, declare:  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the City and County of San Francisco, California, in which county the within mentioned service occurred.  My business address is Cozen O'Connor, 425 California Street, Suite 2400, San Francisco, California 94104-2215; Telephone: (415) 617-6100; Facsimile: (415) 617-6101.

 On the date set forth below, I placed the foregoing

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE (12(B)(3)); OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. § 1406(A)) OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 U.S.C. § 1404(A))**

in envelope(s) addressed as follows:

 **(By Facsimile)**  I caused each such document listed above to be transmitted via telecopier on this date before 6:00 p.m. to the facsimile numbers of each addressee as indicated below or on the attached Service List.

**X** **(By First Class Mail)**  I sealed each envelope and caused each, with first-class postage thereon fully prepaid, to be placed for deposit in the United States mail at San Francisco, California addressed to the offices of each addressee as indicated below or on the attached Service List.

William Sneed
Melanie Jo Triebel
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL  60603
Tel: 312-853-7000; Fax: 312-853-7036
 Attorneys for Plaintiff TIG INS. CO.

 **(By Personal Service)**  I sealed each envelope and caused each, with courier charges prepaid, if applicable, to be personally delivered by messenger and/or in-house messenger to the offices of each addressee as indicated below or on the attached Service List.

 **(By U.S. Postal Express Mail)**  I sealed each envelope and caused each, with Express Mail postage thereon fully prepaid, to be placed in the U.S. Post Office Express Mail depository at San Francisco, California for next day delivery addressed to the offices of each addressee as indicated below or on the attached Service List.

 **(By Federal Express/UPS)**  I sealed each envelope and caused each, with shipping charges fully prepaid, to be delivered to a Federal Express/UPS pick up box or courier at San Francisco, California for next business day delivery addressed to the offices of each addressee as indicated below or on the attached Service List.

 I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United

2  States of America and of the State of California that the foregoing is true and correct.

3  Executed January 11, 2006 at San Francisco, California.

4  By: _____

5  D. Helen Davis

6  SANFRAN1\35180\1 099994.000

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28