| | |
|---|---|
| 1 | William M. Sneed (SBN 6196872) |
| | Melanie Jo Triebel (SBN 6279937) |
| 2 | SIDLEY AUSTIN LLP |
| | One South Dearborn Street |
| 3 | Chicago, Illinois  60603 |
| | Telephone:      (312) 853-7000 |
| 4 | Facsimile:        (312) 853-7036 |
| 5 | Maria Ellinikos (SBN 235528) |
| | SIDLEY AUSTIN LLP |
| 6 | 555 California Street |
| | San Francisco, California  94104 |
| 7 | Telephone:      (415) 772-1200 |
| | Facsimile:        (415) 772-7400 |
| 8 | |
| 9 | Attorneys For Plaintiff |
| | TIG Insurance Company |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIG INSURANCE COMPANY, a California Company, | Case No. 3:06 CV 00047 MJJ |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR REMAND TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA** |
| vs. | |
| LLOYD'S SYNDICATE NUMBER 1861, and LLOYD'S SYNDICATE NUMBER 2020, | [[Proposed] Order and Declaration of Melanie Jo Triebel Filed Concurrently Herewith] |
| Defendants. | Cmplt. Filed:  Nov. 21, 2005 |
| | Removed:  Jan. 6, 2006 |
| | Date: February 28, 2006 |
| | Time: 9:30 a.m. |
| | Place: Courtroom 11 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 28, 2006, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California, Plaintiff TIG Insurance Company will move this Court for an order remanding this action to the Superior Court for the State of California, County of Contra Costa, on the grounds that the removing defendants have failed to allege and prove the citizenship of all parties, as required for a removal based upon diversity of citizenship.

This Motion is based upon this Notice, the attached Points and Authorities, the Declaration of Melanie Jo Triebel, the [Proposed] Order; upon all other pleadings, papers and evidence on file herein or that may be presented to the Court before, during or after the hearing hereon; and all matters that may properly be judicially noticed by this Court.

# RELIEF REQUESTED

TIG Insurance Company asks that the Court remand this action to the Superior Court for the State of California, County of Contra Costa.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action arises from the failure of defendants Lloyd's Syndicate Number 1861 and Lloyd's Syndicate Number 2020 (collectively, "Defendants") to pay losses under a reinsurance contract issued to plaintiff TIG Insurance Company ("TIG"). After Defendants refused to pay claims submitted under the reinsurance contract, TIG brought suit in California state court. Defendants removed this action from TIG's chosen forum. At the same time, one of the Defendants, Lloyd's Syndicate 1861, has filed a mirror-image declaratory judgment action in a different forum (the United States District Court for the Southern District of New York). In their notice of removal to this Court, Defendants have failed to allege their own citizenship, as required to demonstrate the diversity jurisdiction of this Court. Consequently, this Court should remand this action to state court.

///

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A. The Contract at Issue

TIG, a California insurance company, issued a general liability policy to the Port Authority of New York and New Jersey ("PANY"). Cmplt., ¶¶ 3, 7.[1] TIG then purchased reinsurance on the PANY policy from Defendants, with each Defendant providing fifty percent of the reinsurance coverage. Cmplt., ¶¶ 9, 11. Reinsurance is the insurance of an insurer. The reinsurer assumes part or all of the risks the initial insurance company has itself assumed under the insurance policy issued to the policyholder. Cmplt., ¶ 8.

Defendants are underwriting syndicates operating at Lloyd's of London. Lloyd's of London is an association of insurance underwriters, who in turn provide insurance and reinsurance in smaller groups, or syndicates. *Genstar Container Corp. v. Certain Underwriters at Lloyd's*, 2000 U.S. Dist. LEXIS 18741, *2 (N.D. Cal. Dec. 22, 2000). These syndicates are unincorporated associations composed of various underwriters and capital participants, referred to as "members" or "Names." *Id*. at *2, *5. In any action against various syndicates of Lloyd's of London which have provided insurance or reinsurance coverage, each Name of each participating syndicate is a real party in interest. *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 22, 2001). For purposes of diversity jurisdiction, the pertinent citizenship is that of each and every Name participating in the Lloyd's syndicate. *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 22, 2001); *see infra*, app.-5.

### B. The Underlying State Court Action

Since in or about Winter 2002, Defendants have refused to pay a number of claims submitted by TIG under the reinsurance contract, due solely to an alleged delay in TIG's

---

[1] The Complaint filed in this action, attached to Defendants' Notice of Removal, is cited herein as "Cmplt."

notification to Defendants of the claims.[2]  Cmplt., ¶¶ 13, 26.  This refusal led TIG to seek relief in its home forum, California state court.  Cmplt., p.1.  TIG's state court action was filed on November 21, 2005.  Cmplt., p.1.  The Complaint does not allege who the Defendants' Names are, or their respective citizenship, instead simply stating that Defendants "are underwriting syndicates existing under the laws of and having their principal places of business in England."  Cmplt., ¶ 4.

### C.  Defendants' Subsequent Forum-Shopping

Defendants did not answer TIG's state court complaint.  Instead, Defendants filed a Notice of Removal with this Court on January 6, 2006 ("Notice").  Notice, p.1.  According to the Notice, Defendants removed this action "because complete diversity of citizenship exists, according to the Plaintiff's Complaint[.]"  Notice, ¶ 2.  The Notice contains no further allegations concerning Defendants' citizenship.  Notice, ¶¶ 1-5.  Concurrent with this removal, a party asserting that it is Defendant Lloyd's Syndicate 1861's sole capital provider (or "Name") filed a declaratory judgment action against TIG in the United States District Court for the Southern District of New York, seeking a declaration that due to late notice, it has no liability under the reinsurance contract issued to TIG (the "NY Action").  Triebel Decl., Ex. 1.[3]  In the NY Action, the plaintiff asserts that jurisdiction exists because its sole Name is a citizen of England.  Triebel Decl., Ex. 1 ¶¶ 1, 4.  Although Lloyd's Syndicate 1861 admits that Lloyd's Syndicate 2020 is also a party to the reinsurance contract, it conveniently avoids any reference to Syndicate 2020's Names or their citizenship.  Triebel Decl., Ex. 1 ¶ 10.

## III.  ARGUMENT

**This Court Should Remand This Action Because Defendants Failed to Allege Their Citizenship in Their Notice**

The Notice does not demonstrate that diversity of citizenship exists, because it fails to

---

[2]  Details about each of the claims at issue are set forth in the Complaint, ¶¶ 14-25.

[3]  The Declaration of Melanie Jo Triebel and its Exhibit, filed concurrently herewith, are cited herein as "Triebel Decl."

4
NOTICE OF MOTION AND MOTION TO REMAND                                        CASE NO. 3:06 CV 00047 MJJ

allege the citizenship of all parties.  As a general rule, a state court action which could have been brought in federal court on the basis of diversity jurisdiction may be removed to federal court.  28 U.S.C. § 1441(b).  Diversity jurisdiction exists only if the plaintiff is diverse from all defendants (there is no state of citizenship in common).  28 U.S.C. § 1332.  Removing defendants are required to include in their notice of removal a statement of the grounds for removal – including, where the complaint does not allege the citizenship of each party, an allegation of the citizenship of each party.  28 U.S.C. § 1446(a); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).  Remand to state court may be ordered for either lack of removal jurisdiction or for "any defect in removal procedure."  28 U.S.C. § 1447(c); *see also Buckner v. FDIC*, 981 F.2d 816, 819-20 (5th Cir. 1993).

Defendants' Notice does not contain separate allegations of citizenship: it instead refers only to the allegations of the Complaint.  Notice, ¶ 2.  However, while the Complaint sets forth TIG's citizenship (stating that TIG is a California insurance company with its principal place of business in Texas), it does not contain an allegation of Defendants' citizenship.  Cmplt., ¶ 3.

For diversity purposes, unincorporated associations are citizens of each jurisdiction in which any member is a citizen.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).  As set forth above, Defendants are underwriting syndicates operating at Lloyd's of London: unincorporated groups of underwriters and participants, formed into syndicates to provide insurance and reinsurance coverage.  Courts have consistently held that for this reason, underwriting syndicates at Lloyd's of London are unincorporated associations, and are citizens of each jurisdiction in which any Name of any participating syndicate is a citizen.  *E.g.*, *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 22, 2001) (remanding for lack of diversity jurisdiction); *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F.Supp.2d 1218 (N.D. Cal. 2001); *Genstar Container Corp. v. Certain Underwriters at Lloyd's*, 2000 U.S. Dist. LEXIS 18741 (N.D. Cal. Dec. 22, 2000); *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Inc. Co.*, 160 F.3d

925, (2nd Cir. 1998); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998); *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 26253 (W.D. Wash. Dec. 4, 2003); *Certain Underwriters at Lloyds v. P.J.T., Inc.*, 1996 U.S. Dist. LEXIS 9251 (N.D. Ill. June 27, 1996); *Chase Manhattan Bank v. Aldridge*, 906 F. Supp. 870, 873 (S.D.N.Y. 1995); *Transamerica Corp. v. Reliance Ins. Co.*, 884 F. Supp. 133, 138-39 (D. Del. 1995); *Lowsley-Williams v. North River Ins. Co.*, 884 F. Supp. 166, 172 (D.N.J. 1995); *Bath Iron Works Corp. v. Certain Member Companies of the Institute of London Underwriters*, 870 F. Supp. 3 (D. Me. 1994); *International Ins. Co. v. Certain Underwriters at Lloyd's London*, 1991 U.S. Dist. LEXIS 1293 (N.D. Ill. Sept. 16, 1991); *Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*, 711 F. Supp. 553 (D. Haw. 1989).

Consistent with this well-established rule, Defendants, as underwriting syndicates at Lloyd's of London, were required to allege in their Notice the identity of each Name of each Defendant, and the citizenship of each such Name. They did not do so. Instead, they referred to TIG's Complaint, which contains no such allegation. Accordingly, Defendants' Notice is facially deficient, and this action should be remanded to state court. Indeed, even if Defendants were to attempt to amend their Notice or to provide such allegations or information now, remand would still be a proper exercise of this Court's discretion due to Defendant's failure to allege the facts underlying jurisdiction, as required. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Moreover, Defendants bear the burden of proving that diversity exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Presumably, Defendants cannot meet this burden, as evidenced by their response to the Complaint.

Defendants have responded with a two-pronged attempt to forum shop. They have removed this action to federal court here in California, while filing a declaratory relief action encompassing the same subject matter in federal court in New York. In their Notice, Defendants have oddly asserted that Lloyd's Syndicate 2020 is not a proper party to this action, in spite of the fact that this syndicate is a party to the reinsurance contract at issue,

providing half of TIG's reinsurance coverage. According to their Notice, Defendants assert that Syndicate 2020 is not a proper party under unspecified "Lloyd's rules". Notice, fn.1. In the NY Action, Lloyd's Syndicate 2020 is not made a party at all. Triebel Decl., Ex.1.

Lloyd's Syndicate 2020 is obviously a proper party to this action. Because Lloyd's Syndicate 2020 is a party to the reinsurance contract at issue and has failed to pay claims submitted under that contract, TIG is certainly entitled to sue it for breach of contract. Further, the courts of the Northern District have determined that every Name of every syndicate involved in an insurance dispute, not simply the "lead underwriters" at Lloyd's, is a real party in interest. *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 22, 2001) (remanding case for lack of diversity jurisdiction). Thus, Defendants' cavalier insistence that Lloyd's Syndicate 2020 is not a proper party to TIG's action is specious.[4]

Defendants have the burden of proving that diversity jurisdiction exists. *Gaus*, 980 F.2d at 566. To meet this burden and avoid remand, the Lloyd's Syndicates must plead and prove that every Name of every participating syndicate is diverse. *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9. In the absence of such proof, this Court applies a "strong presumption" against removal jurisdiction. *Gaus*, 980 F.2d at 566; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Thus, this action should also be remanded due to Defendants' failure to meet their burden of proving that diversity jurisdiction exists.

///
///
///
///
///

---

[4] Given Defendants' machinations in California and New York, it would appear that Defendants are aware that one or more members of Lloyd's Syndicate 2020 is a citizen of California or Texas and would defeat diversity jurisdiction in both federal court actions.

7

NOTICE OF MOTION AND MOTION TO REMAND                                         CASE NO. 3:06 CV 00047 MJJ

SF1 1426570v.1

## IV. CONCLUSION

For the foregoing reasons, TIG respectfully requests that the Court enter an order remanding this case to the Superior Court for the State of California, County of Contra Costa.

Dated: January 13, 2006

WILLIAM M. SNEED
MELANIE JO TRIEBEL
MARIA ELLINIKOS
SIDLEY AUSTIN LLP


By: /s/ Maria Ellinikos
    Maria Ellinikos
    Attorneys For Plaintiff
    TIG Insurance Company