1 | William M. Sneed (SBN 6196872)
  | Melanie Jo Triebel (CA SBN 224621)
2 | SIDLEY AUSTIN LLP
  | One South Dearborn Street
3 | Chicago, Illinois  60603
  | Telephone:	(312) 853-7000
4 | Facsimile:	(312) 853-7036

5 | Maria Ellinikos (CA SBN 235528)
  | SIDLEY AUSTIN LLP
6 | 555 California Street
  | San Francisco, California  94104
7 | Telephone:	(415) 772-1200
  | Facsimile:	(415) 772-7400

Attorneys For Plaintiff
TIG Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIG INSURANCE COMPANY, a California Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LLOYD'S SYNDICATE NUMBER 1861, and LLOYD'S SYNDICATE NUMBER 2020,<br><br>　　　　　Defendants. | Case No. 3:06 CV 00047 MJJ<br><br>**TIG INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR REMAND TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br><br>[Declaration of Christopher LeGros Filed Concurrently Herewith]<br><br>Cmplt. Filed:  Nov. 21, 2005<br>Removed:  Jan. 6, 2006<br><br>Date:  February 28, 2006<br>Time:  9:30 a.m.<br>Place:  Courtroom 11 |

REPLY IN SUPPORT OF MOTION TO REMAND　　　　　　　　　　　　　　　　　CASE NO. 3:06 CV 00047 MJJ

# TABLE OF CONTENTS

POINTS AND AUTHORITIES ................................................................................................1

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND.......................1

III. ARGUMENT .................................................................................................................2

 A. This Court Should Remand This Action Because Defendants Failed to Allege Their Citizenship in Their Notice of Removal. ................................................2

 B. This Court Should Remand This Action Because The Requirements For Diversity Jurisdiction Are Not Met...................................................................6

 1. Syndicate 2020 Is A Proper Party To This Action. ...........................6

 2. Neither The Diversity Of Citizenship Requirement Nor The Amount In Controversy Requirement Is Met As To Lloyd's Syndicate 2020. ...............8

IV. TIG RESPECTFULLY REQUESTS ITS FEES AND COSTS. .............................10

V. CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Allendale Mut. Ins. Co. v. Excess Ins. Co.*,
    62 F. Supp. 2d 1116 (S.D.N.Y. 1999)........................................................................... 3

*Bath Iron Works Corp. v. Certain Member Cos. of the Inst. of London Underwriters*,
    870 F. Supp. 3 (D. Me. 1994) ...................................................................................... 3

*Certain London Market Ins. Cos. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*,
    269 F. Supp. 2d 722 (E.D. Miss. 2003) ....................................................................... 3

*Certain Underwriters at Lloyd's v. Layne*,
    26 F.3d 39, 43-44 (6th Cir. 1994) ................................................................................ 4

*Certain Underwriters at Lloyd's v. P.J.T., Inc.*,
    1996 U.S. Dist. LEXIS 9251 (N.D. Ill. June 27, 1996) .............................................. 3

*Certain Underwriters at Lloyd's v. Raytheon Co.*,
    2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 3, 2001).................................... 2, 3, 5, 7

*Chase Manhattan Bank v. Aldridge*,
    906 F. Supp. 870 (S.D.N.Y. 1995)............................................................................... 3

*Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.*,
    177 F.3d 210 (3d Cir. 1999)......................................................................................... 5

*Co-Efficient Energy Sys. v. CSL Indus., Inc.*,
    812 F.2d 556 (9th Cir. 1987) ....................................................................................... 9

*Corfield v. Dallas Glen Hills LP*,
    355 F.3d 853 (5th Cir. 2003) ....................................................................................... 3

*D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*,
    608 F.2d 145 (5th Cir. 1979) ....................................................................................... 6

*Dodson v. Spiliada Maritime Corp.*,
    951 F.2d 40 (5th Cir. 1992) ......................................................................................... 6

*E.R. Squibb & Sons, Inc. v. Accident & Casualty Ins. Co.*,
    160 F.3d 925 (2d Cir. 1998) ("*Squibb I*")................................................................... 3, 5

*E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Co.*,
    241 F.3d 154 (2d Cir. 2001) ("*Squibb II*")................................................................... 5

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ....................................................................................... 6, 8

1  *Genstar Container Corp. v. Certain Underwriters at Lloyd's*,
       2000 U.S. Dist. LEXIS 18741 (N.D. Cal. Dec. 22, 2000) .................................................. 3, 5
2
   *Hartley v. CSX Transp., Inc.*,
3       187 F.3d 422 (4th Cir. 1999) ............................................................................................ 6

4  *Humm v. Lombard World Trade, Inc.*,
       916 F. Supp. 291 (S.D.N.Y. 1996) .................................................................................... 3
5
   *Indiana Gas Co. v. Home Ins. Co.*,
6       141 F.3d 314 (7th Cir. 1998) ......................................................................................... 3, 5

7  *International Ins. Co. v. Certain Underwriters at Lloyd's*,
       1991 U.S. Dist. LEXIS 1293 (N.D. Ill. Sept. 16, 1991) .................................................. 3
8
   *K. Bell & Assoc. v. Lloyd's Underwriters*,
9       1998 U.S. Dist. LEXIS 7798 (S.D.N.Y. May 26, 1998) ................................................. 3

10 *Laughlin v. Kmart Corp.*,
       50 F.3d 871 (10th Cir. 1995) ............................................................................................ 6
11
   *Long Island Lighting Co. v. Aetna Cas. & Sur. Co.*,
12      1997 U.S. Dist. LEXIS 13720 (S.D.N.Y. Sept. 11, 1997) ............................................... 3

13 *Lowsley-Williams v. North River Ins. Co.*,
       884 F. Supp. 166 (D. N.J. 1995) ....................................................................................... 3
14
   *Macey v. Allstate Prop. & Cas. Co.*,
15      220 F. Supp. 2d 1116 (N.D. Cal 2002) ........................................................................... 6

16 *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*,
       133 F. Supp. 2d 1218 (N.D. Cal. 2001) ........................................................................ 3, 5
17
   *Martin v. Franklin Capital Corp.*,
18      126 S. Ct. 704 (2005) ..................................................................................................... 10

19 *McCabe v. General Foods Corp.*,
       811 F.2d 1336 (9th Cir. 1987) .......................................................................................... 6
20
   *Milstead Supply Co. v. Casualty Ins. Co.*,
21      797 F. Supp. 569 (W.D. Tex. 1992) ................................................................................. 6

22 *Morris v. Princess Cruises, Inc.*,
       236 F.3d 1061 (9th Cir. 2001) .......................................................................................... 6
23
   *Northland Ins. Co. ex rel. Syndicate 529 v. Arthur Hill & Assoc.*,
24      126 F. Supp. 2d 1066 (E.D. Mich. 2001) ........................................................................ 3

25 *Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*,
       711 F. Supp. 553 (D. Haw. 1989) ..................................................................................... 3
26
   *Ritchey v. Upjohn Drug Co.*,
27      139 F.3d 1313 (9th Cir. 1998) ...................................................................................... 6, 7

28

*Ryan ex.rel. Ryan v. Schneider Nat'l Carriers, Inc.*,
 263 F.3d 816 (8th Cir. 2001) .................................................................................................. 9

*Schroeder v. Trans World Airlines, Inc.*,
 702 F.2d 189 (9th Cir. 1983) .................................................................................................. 2

*Transamerica Corp. v. Reliance Ins. Co.*,
 884 F. Supp. 133 (D. Del. 1995) ............................................................................................ 3

*United Food Local 919 v. Centermark Props.*,
 30 F.2d. 298 (2d Cir. 1994) .................................................................................................... 9

*Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*,
 2003 U.S. Dist. LEXIS 26253 (W.D. Was. Dec. 4, 2003) ..................................................... 3

**Statutes**

28 U.S.C. § 1332(c)(1) .................................................................................................................. 9

28 U.S.C. § 1446(a) ...................................................................................................................... 2

28 U.S.C. § 1447(c) .................................................................................................................... 10

**RELIEF REQUESTED**

Plaintiff TIG Insurance Company ("TIG") respectfully asks this Court to remand this action to the Superior Court for the State of California.

**POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Seeking to collect money due under a reinsurance contract, TIG filed a state court action against its two reinsurers, defendants Lloyd's Syndicate Number 1861 and Lloyd's Syndicate Number 2020 (collectively, "Defendants"). Each Syndicate provided 50% of the coverage to TIG under the reinsurance contract, and each Syndicate owes TIG over $1.9 million. Defendants purported to remove the case on the basis of diversity jurisdiction, but failed to allege or establish diversity jurisdiction, in terms of both citizenship and amount in controversy. Consequently, TIG moved to remand. In their response to the Motion to Remand, Defendants do not establish diversity jurisdiction. Instead, Defendants misstate the identity of the parties whom TIG has sued and tout an agreement they entered into with each other, seven weeks after TIG filed suit, as if this agreement could somehow retroactively prevent TIG from suing one of the Lloyd's Syndicates which owes it over $1.9 million under the reinsurance contract. These machinations are far from legitimate, to put it mildly. Nothing Defendants have offered changes the requirements of federal diversity jurisdiction or the provisions of the reinsurance contract. Accordingly, this Court should remand this action to the state court.[1]

**II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

For a detailed background on this action, TIG respectfully refers this Court to both TIG's Motion to Remand and TIG's Opposition to Defendants' Motion to Dismiss or Transfer. A few basic facts demonstrate that this case should be remanded:

---

[1] The Opposition to TIG's Motion to Remand was filed by "Tonicstar Limited," an entity asserting that it is the "Sole Capital Provider" for Syndicate 1861. Remand Opp., p.1. Apparently, Syndicate 2020 believes that it can dismiss itself from the litigation through an agreement it entered into with Syndicate 1861 seven weeks after TIG sued. Of course, TIG disagrees. Syndicate 2020 is a party, and Defendants certainly cannot circumvent the requirements of federal subject matter jurisdiction through post-suit, collusive agreements.

- Each Defendant agreed to reinsure TIG, and each participated for a 50% share in the reinsurance contract. Cmplt., ¶ 11; Birch Decl., Ex. A thereto at tenth page.
- TIG, a California corporation with its principal place of business in Texas, sued both Defendants, each of which is a Lloyd's Syndicate. Cmplt., p.1.
- For purposes of diversity, the citizenship of a Lloyd's Syndicate is the citizenship of each member of the Syndicate, or "Name"; and the amount in controversy requirement must be met as to every single Name. *E.g.*, *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 22, 2001).
- Defendants have failed to provide *any* allegation or proof of Syndicate 2020's Names, or their respective citizenship. Thus, Defendants have not met their burden to sustain diversity jurisdiction.
- In fact, Syndicate 2020 has thousands of Names, at least one of which is a California citizen. LeGros Reply Decl., ¶¶2-4. Defendants have failed to allege diversity jurisdiction because they cannot meet either the diversity of citizenship or the amount in controversy requirements. This case should be remanded.

## III. ARGUMENT

### A. This Court Should Remand This Action Because Defendants Failed to Allege Their Citizenship in Their Notice of Removal.

Defendants' Notice of Removal failed to allege the citizenship of all parties. Removing defendants are required to include in their notice of removal a statement of the grounds for removal – including an allegation of the citizenship of each party. 28 U.S.C. § 1446(a); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

The two Defendants are Syndicates at Lloyd's of London. Cmplt., pp.1-2. A Lloyd's Syndicate is an unincorporated group of entities and individuals who join together to provide insurance or reinsurance coverage. *See* Black's Law Dictionary (8th ed. 2004) ("Syndicate: A group organized for a common purpose; esp., an association formed to promote a common interest[.]"); 14-104 Appleman on Insurance Law and Practice (2d ed.) § 104.1. Courts within this District have

2

1  consistently held that Lloyd's Syndicates are unincorporated associations, and thus the proper
2  citizenship of a Lloyd's Syndicate for diversity purposes is the citizenship of each Name.  *See, e.g.,*
3  *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal.
4  Dec. 3, 2001)(remanding for lack of diversity jurisdiction); *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*,
5  133 F. Supp. 2d 1218 (N.D. Cal. 2001); *Genstar Container Corp. v. Certain Underwriters at*
6  *Lloyd's*, 2000 U.S. Dist. LEXIS 18741 (N.D. Cal. Dec. 22, 2000).  Notably, in each of these cases,
7  the Lloyd's Syndicates moved to dismiss or remand for lack of subject matter jurisdiction,
8  successfully claiming that each Name in each Syndicate had to be diverse and had to meet the
9  amount in controversy requirement.  Defendants now argue exactly to the contrary.  Notwithstanding
10 Defendants' unseemly flip-flops, the overwhelming weight of authority holds that the diversity
11 jurisdiction requirements must be met with respect to each Name in each Lloyd's Syndicate.[2]

12 The cases cited by Defendants to defeat this established rule are unpersuasive - they address
13 the diversity analysis when an individual Name or underwriter associated with a Lloyd's Syndicate
14 *sues or is sued in its individual capacity*.  For instance, in *Corfield v. Dallas Glen Hills LP*, 355 F.3d
15 853 (5th Cir. 2003), after the complaint was pleaded and re-pleaded four times, the action ended up
16 being brought by a single Name of a single Lloyd's Syndicate, in its individual capacity.  The court
17 concluded that diversity existed and that the other Names from the other Lloyd's Syndicates, who
18 were not parties to the case, did not need to be considered.  *Id.* at 864.  The court noted that under the

---

[2] *E.g.*, *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998); *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 26253 (W.D. Was. Dec. 4, 2003); *Certain London Market Ins. Cos. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 269 F. Supp. 2d 722 (E.D. Miss. 2003); *Northland Ins. Co. ex rel. Syndicate 529 v. Arthur Hill & Assoc.*, 126 F. Supp. 2d 1066 (E.D. Mich. 2001); *Allendale Mut. Ins. Co. v. Excess Ins. Co.*, 62 F. Supp. 2d 1116, 1118 (S.D.N.Y. 1999); *K. Bell & Assoc. v. Lloyd's Underwriters*, 1998 U.S. Dist. LEXIS 7798 (S.D.N.Y. May 26, 1998); *Long Island Lighting Co. v. Aetna Cas. & Sur. Co.*, 1997 U.S. Dist. LEXIS 13720 (S.D.N.Y. Sept. 11, 1997); *Certain Underwriters at Lloyd's v. P.J.T., Inc.*, 1996 U.S. Dist. LEXIS 9251 (N.D. Ill. June 27, 1996); *Humm v. Lombard World Trade, Inc.*, 916 F. Supp. 291 (S.D.N.Y. 1996); *Chase Manhattan Bank v. Aldridge*, 906 F. Supp. 870, 873 (S.D.N.Y. 1995); *Transamerica Corp. v. Reliance Ins. Co.*, 884 F. Supp. 133, 138-39 (D. Del. 1995); *Lowsley-Williams v. North River Ins. Co.*, 884 F. Supp. 166, 172 (D. N.J. 1995); *Bath Iron Works Corp. v. Certain Member Cos. of the Inst. of London Underwriters*, 870 F. Supp. 3 (D. Me. 1994); *International Ins. Co. v. Certain Underwriters at Lloyd's*, 1991 U.S. Dist. LEXIS 1293 (N.D. Ill. Sept. 16, 1991); *Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*, 711 F. Supp. 553 (D. Haw. 1989).

3

insurance contract at issue each Name had agreed to be bound by any judgment against any Name under the insurance contract. *Id.* at 859 n.4. In *Certain Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 43-44 (6th Cir. 1994), the court held that a counterclaim brought against the actual underwriters of a Lloyd's insurance policy was an election to sue the agents (actual underwriters) for undisclosed principals (the Lloyd's Syndicates), thus releasing the Syndicates from liability under the insurance policy pursuant to Tennessee law and rendering the pertinent citizenship that of the actual underwriters.

Defendants base their case on *Corfield* and *Layne*, but these cases are inapplicable. If this Court were to accept *Corfield*, then diversity jurisdiction would exist <u>if</u> TIG had sued just one Name ultimately liable under the reinsurance contract, <u>and</u> that Name were of diverse citizenship from TIG and were alleged to owe more than $75,000 under the reinsurance contract, <u>and</u> that Name were sued by TIG only in its individual capacity, <u>and</u> the reinsurance contract covering TIG provided that all other Names ultimately liable were bound by the result of any court action against any Name under the reinsurance contract. But <u>none</u> of those facts exists. TIG did <u>not</u> sue just one Name in some individual capacity; TIG sued both Lloyd's Syndicates participating in the reinsurance contract, meaning that all Names participating in these unincorporated associations are real parties in interest in TIG's case. And Defendants have yet to cite to any provision in the reinsurance contract providing that all Names agree to be bound by a judgment against any single Name. Recognizing that they meet <u>none</u> of the factors relied upon in *Corfield*, Defendants are reduced to misstating that "TIG sued Tonicstar (as the sole component of Lloyd's Syndicate 1861), in its individual capacity" (which is plainly false), pretending that TIG did not sue Lloyd's Syndicate 2020 when it obviously did (*see* Remand Opp., at 7), and concocting an agreement *among themselves*, *seven weeks after TIG filed its Complaint*, arguing that this somehow retroactively strips TIG of the ability to sue Lloyd's Syndicate 2020 for the more than $1.9 million it owes under the reinsurance contract. Defendants are taking disturbing liberties with the facts, and their argument is farfetched in the extreme. This Court should note that Defendants cite no authority for the unprecedented notion that co-reinsurers under a reinsurance contract can unilaterally and retroactively determine who the reinsured company can sue for non-payment.

4

1         As for *Layne*, the decision is known mostly for the number of times it has been criticized and rejected. *See, e.g.*, *E.R. Squibb & Sons, Inc. v. Accident & Cas. Inc. Co.*, 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998); *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 3, 2001); *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218 (N.D. Cal. 2001); *Genstar Container Corp. v. Certain Underwriters at Lloyd's*, 2000 U.S. Dist. LEXIS 18741 (N.D. Cal. Dec. 22, 2000). *Layne* is wrongly decided; and even if it were not, *Layne* would require: (a) that TIG have sued the actual underwriters instead of the Lloyd's Syndicates, and (b) that Tennessee law applied. That is not the situation. TIG sued the Lloyd's Syndicates that reinsure it, and there is no suggestion whatsoever that Tennessee law applies.

        Defendants also refer to *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.*, 177 F.3d 210 (3d Cir. 1999), and *E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Co.*, 241 F.3d 154, 162 (2d Cir. 2001) ("*Squibb II*"). In both of those cases, the suit was brought in the end not against Syndicates, but against a single Name or underwriter in its individual capacity. When the suit involves more than a single Name, such as TIG's suit against Defendants, then each Name must meet the diversity of citizenship and amount in controversy requirements. The Second Circuit made this clear in *E.R. Squibb & Sons, Inc. v. Accident & Casualty Ins. Co.*, 160 F.3d 925 (2d Cir. 1998) ("*Squibb I*"). In *Squibb I*, an action had been tried, and judgment entered, against a Lloyd's underwriter as representative of all Names subscribing to the policy. The plaintiff sought to amend his complaint on appeal to sue the underwriter in his individual capacity, in order to preserve diversity jurisdiction. The court remanded the action for further proceedings on, among other issues, whether amendment should be allowed, but held that only when a specific underwriter is sued in his individual capacity may the Names subscribing to the policy be ignored for citizenship purposes. *Id*. at 936.

        Defendants' Notice of Removal does not contain allegations of citizenship: it relies upon the allegations of the Complaint. Notice, ¶ 2. The Complaint, however, does not contain an allegation of Defendants' citizenship. Defendants refer to TIG's allegations respecting California state court venue, but allegations respecting residence for purposes of state court venue are manifestly not

5

REPLY IN SUPPORT OF MOTION TO REMAND        CASE NO. 3:06 CV 00047 MJJ

1   citizenship allegations for purposes of federal diversity jurisdiction. TIG's reference to "neither

2   defendant," as noted by Defendants, reflects that TIG has sued two Lloyd's Syndicates, each of

3   which is an unincorporated association of Names whose citizenship for federal diversity jurisdiction

4   purposes is that of each of their member Names. *See* Remand Opp., at 2. Accordingly, this action

5   should be remanded based upon Defendants' failure to allege diversity. *Laughlin v. Kmart Corp.*, 50

6   F.3d 871, 873 (10th Cir. 1995); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 46-

7   47 (5th Cir. 1979); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 574 (W.D. Tex.

8   1992); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

### B. This Court Should Remand This Action Because The Requirements For Diversity Jurisdiction Are Not Met.

#### 1. Syndicate 2020 Is A Proper Party To This Action.

12  Lloyd's Syndicate 2020 is a proper and necessary party to TIG's action. To establish that

13  Lloyd's Syndicate 2020's citizenship should not be considered, Defendants must allege and

14  demonstrate that TIG fraudulently joined Syndicate 2020. *Morris v. Princess Cruises, Inc.*, 236 F.3d

15  1061, 1067 (9th Cir. 2001). A party is fraudulently joined only when there is no possibility,

16  however slight, that recovery may be obtained against it. *E.g.*, *Hartley v. CSX Transp., Inc.*, 187

17  F.3d 422, 426 (4th Cir. 1999); *Ritchey v. Upjohn Drug Co.*, 139 F.3d. 1313, 1318-19 (9th Cir. 1998);

18  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *McCabe v. General Foods

19  Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Any "tenuous proposition" which might support

20  recovery is sufficient to defeat a removal based upon allegations of fraudulent joinder. *Dodson*, 951

21  F.2d at 42-43; *Macey v. Allstate Prop. & Cas. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal 2002).

22  Defendants have not even attempted to allege or demonstrate fraudulent joinder. And for

23  good reason -- the evidence establishes that Lloyd's Syndicate 2020 is properly joined. Defendants

24  admit that Lloyd's Syndicate 2020 is a party to the reinsurance contract at issue, and that it provides

25  half of TIG's reinsurance coverage. Birch Decl., Ex. A p.6.

26  Defendants half-heartedly suggest that only the lead underwriter of Lloyd's Syndicate 2020

27  should be considered, but that suggestion leads nowhere. The citizenship of every Name of every

28  Syndicate is pertinent for diversity purposes, not simply the "lead underwriters" at Lloyd's. *Certain

1  *Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876, *5-9 (N.D. Cal. Dec. 3, 2001). This is necessarily the case because it is not the individual who signed the contract or the individual who makes the claims-handling decisions who reinsures TIG: it is the capital-contributing Names, who bear the risk of loss. Defendants' argument is akin to stating that an insured involved in a car accident cannot sue State Farm, but can sue only the agent or representative who signed the policy or the claims adjuster who denied the claim. This is self-evidently not the case. The entity providing the reinsurance is the one that must account for a failure to abide by the agreement.

TIG notes with interest the statement in the Fenner Declaration that "Syndicate 2020 has no *direct* contractual relationship with TIG" in this case (Fenner Declaration at ¶ 8, emphasis added), but points out that the very same declaration admits that Syndicate 2020 reinsures TIG (Fenner Declaration at ¶ 1), and that the "Agreement To Be Bound" attached as Exhibit A to the Fenner Declaration flatly asserts that "Syndicate 2020 at Lloyd's of London subsequently subscribed to the remaining fifty percent of the risk" on the reinsurance contract which is the subject of TIG's suit. Defendants seem oblivious to the contradictions within the Declarations they submit to this Court, and Defendants apparently also believe that they can have a declarant get away with asserting no "direct" contractual relationship because an agent acting on behalf of Lloyd's Syndicate 2020 actually executed the reinsurance contract, as opposed to all of the Names making up Lloyd's Syndicate 2020. This circumstance does not change these facts: Lloyd's Syndicate 2020 is a party to the reinsurance contract; Lloyd's Syndicate 2020 is liable to TIG thereunder; and Lloyd's Syndicate 2020 is subject to being sued by TIG for non-payment.

Defendants attempt to sidestep this legal truism by referring to two extraneous documents: the Agreement to be Bound and the Lloyd's Claims Scheme. TIG is neither a party to nor bound by either of these instruments. Fenner Decl. Exs. A, B. Even were Defendants correct that these agreements should allow Syndicate 2020 to obtain a dismissal, these arguments would present, at most, a possible defense for this Syndicate. The existence of a possible defense does not render a party's joinder fraudulent. *E.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). Most importantly, neither document speaks to the ability of a party reinsured by Lloyd's Syndicates to sue all of those Syndicates when they fail to pay reinsurance claims.

7

REPLY IN SUPPORT OF MOTION TO REMAND                              CASE NO. 3:06 CV 00047 MJJ

1   The Agreement to be Bound is a rather clumsy attempt to manufacture diversity jurisdiction.
2   This agreement was executed on January 10, 2006.  Fenner Decl. Ex. A.  Even were TIG a party to
3   the Agreement to be Bound, this agreement, executed not only after TIG filed suit but also after
4   Defendants filed their Notice of Removal, cannot retroactively alter the parties to the reinsurance
5   contract or the parties whom TIG is entitled to sue – nor can it alter whether diversity was present at
6   the time of filing or removal.  Moreover, the agreement, signed by and binding Syndicate 2020 as an
7   entity, acknowledges that Syndicate 2020 itself is a party to the reinsurance contract, thus confirming
8   that Syndicate 2020 is a proper party to TIG's action to enforce the contract.  *Id*.

   The Lloyd's Claims Scheme is also irrelevant.  Again, even were TIG a party to this
instrument, it nowhere states who may or may not be sued on a reinsurance contract.  Fenner Decl.
Ex. B.  This document merely purports to set forth, as between Lloyd's Syndicates, the general
administrative procedures to be followed for handling claims.  It does not purport to alter the fact
that each Lloyd's Syndicate which enters into a reinsurance contract is liable to the reinsured for its
share of any claims.  *Id*.  Lloyd's Syndicate 2020 entered into a reinsurance contract with TIG, and
TIG may sue it to enforce that contract.

**2.   Neither The Diversity Of Citizenship Requirement Nor The Amount In Controversy Requirement Is Met As To Lloyd's Syndicate 2020.**

Although Defendants have not yet disclosed their identity and citizenship, they bear the
burden of proving that diversity exists.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
Defendants have offered no evidence to meet this burden.  Moreover, the conglomeration of
arguments in opposition to TIG's Motion to Remand should leave one fact eminently clear:
Defendants have not, cannot, and will not offer proof of the citizenship of Lloyd's Syndicate 2020.

TIG has obtained a list of the Names making up Lloyd's Syndicate 2020 for the 2001 year,
when it entered into the reinsurance contract.[3]  LeGros Decl., ¶2 & Ex. 1.  Among those Names is
MIEC Investment Company, Inc., otherwise known as Medical Insurance Exchange of California

---

[3] The relevant Names are those who were members of Syndicate 2020 when it entered into the reinsurance contract (2001), and it is their current citizenship which governs.  In any event, Defendants bear the burden of proof; and they have offered no evidence respecting the Names of Syndicate 2020 at any date.

8

REPLY IN SUPPORT OF MOTION TO REMAND                                    CASE NO. 3:06 CV 00047 MJJ

1  Investment Company, Inc. ("MIEC") *Id.*, ¶4 & Ex. 1 p.[x]. As a corporation, MIEC's citizenship is its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). MIEC is a Nevada corporation with its principal place of business in California. LeGros Decl., ¶4 & Ex. 2. Accordingly, Syndicate 2020 is not diverse. *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 558 (9th Cir. 1987).

Further, although Defendants argue that for the past decade Lloyd's Syndicates have moved away from individual Names towards corporate Names, they also concede that this is not the case as to Syndicate 2020. *See* Remand Opp. pp. 8-9 & n.11, and Fenner Declaration at ¶ 5. Syndicate 2020 includes 2,161 Names. *Id.*, ¶3. Approximately 1,643 of these names are individuals, as opposed to corporations or other entities. *Id.*, ¶3. Regardless of the evolving nature of other Lloyd's Syndicates' business, the citizenship of each of these Names is the citizenship of Syndicate 2020 for diversity purposes.

TIG does not know the citizenship of each Name, but Defendants do, and they bear the burden of proving diversity. Their failure to plead diversity of citizenship is a silent concession that there are California and/or Texas Names. TIG has offered evidence that Syndicate 2020 contains at least one California Name, and Defendants have offered ***no*** evidence to the contrary.[4]

As for the amount in controversy, TIG seeks approximately $1.9 million from Lloyd's Syndicate 2020. With over 2,000 Names, the actual amount owed averages out to about $922 per Name. Even if certain Names took a larger share than others and even if some took a large enough share to owe over $75,000 to TIG, no more than 25 of them could owe over $75,000, and therefore it is a mathematical certainty that over 98% of the 2,061 Names cannot meet the amount in controversy requirement. Accordingly, this action should be remanded for lack of subject matter

---

[4] Defendants have not also not offered sufficient evidence of the citizenship of Lloyd's Syndicate 1861 at the pertinent time. For removal jurisdiction to exist, diversity must be complete at both the time the complaint is filed and the time of removal. *United Food Local 919 v. Centermark Props.*, 30 F.2d. 298, 301 (2d Cir. 1994); *Ryan ex.rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The complaint in this action was filed on November 21, 2005, and the action was removed on January 6, 2006. Cmplt. p.1; Notice, p.1. Lloyd's evidence as to the sole Name of Syndicate 1861 addresses only the Names on the 2005 year of account: Defendants provide no evidence of the Names of Syndicate 1861 at the time the contract was formed, and the citizenship of those Names upon either relevant date. MacDowall Decl. ¶¶3-6.

9

jurisdiction.

## IV. TIG RESPECTFULLY REQUESTS ITS FEES AND COSTS.

Upon granting a motion to remand, this Court may order Defendants to pay TIG's costs and attorney's fees. 28 U.S.C. § 1447(c). TIG is mindful of the seriousness of a request for fees and costs. However, pursuant to *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704 (2005), fees and costs should be available to litigants "where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 711. TIG submits that the grounds for removal set forth in Defendants' Opposition to TIG's Motion to Remand (such as the argument that a non-diverse defendant should be disregarded because of a collusive agreement between the defendants entered into after the commencement of litigation and after the attempted removal) demonstrate precisely the type of unreasonable actions contemplated by the Court. Accordingly, TIG respectfully requests that this Court award TIG the fees and costs which it has incurred in connection with Defendants' improper removal.[5]

## V. CONCLUSION

For the foregoing reasons, TIG respectfully requests that the Court order this case remanded to the Superior Court for the State of California, County of Contra Costa, and award TIG the fees and costs it has incurred as a result of removal.

Dated: February 14, 2006

WILLIAM M. SNEED
MELANIE JO TRIEBEL
MARIA ELLINIKOS
SIDLEY AUSTIN LLP

By: /s/
Melanie Jo Triebel, one of the
Attorneys For Plaintiff
TIG Insurance Company

---

[5] Should the Court grant TIG's request, TIG will submit for consideration by the Court a declaration setting forth the fees and costs which it has incurred.