IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIG INSURANCE COMPANY, | No. C06 0047 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| v. | |
| LLOYD'S SYNDICATE NUMBER 1861, and LLOYD'S SYNDICATE NUMBER 2020, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Plaintiff TIG Insurance Company's ("Plaintiff") Motion to Remand Action to State Court.[1] The motion is opposed by Defendants Lloyd's Syndicate Number 1861 and Lloyd's Syndicate Number 2020 ("Defendants"). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand Action to State Court.

**FACTUAL BACKGROUND**

On November 21, 2005, Plaintiff filed suit in California State Court alleging that Defendants failed to pay claims submitted under a reinsurance contract.[2] TIG, a California insurance company, issued a general liability policy to the Port Authority of New York and New Jersey ("PANY"),

---

[1] Docket No. 14, January 17, 2006.

[2] California State Court in the County of Contra Costa, Case No. C05-02466.

1   which provided insurance coverage for PANY from August 15, 2000 to December 31, 2003. TIG
2   then purchased reinsurance on the PANY policy from Defendants, with each Defendant providing
3   fifty percent of the reinsurance coverage (the "TIG Agreement").

4   Defendants are underwriting syndicates operating under Lloyd's of London ("Lloyd's").
5   Lloyd's complex structure is described in *Certain Underwriters at Lloyd's London v. Raytheon Co.*,
6   2001 U.S. Dist. LEXIS 23876, * 3-4 (N.D. Cal. Dec. 22, 2001): [3]

> "Lloyd's [of London] is uniquely structured. It is a product of early English law that eludes a precise American analog. It is not an insurance company. Rather, it provides a market for members to buy and sell risk. Members are called "Names." Each Name invests in a percentage of an insurance policy risk. A Name is severally, but not jointly, liable for his or her share of the risk. Names do not actively participate in the insurance business. Instead, they comprise "Syndicates," groups of hundreds to thousands of Names. Each Syndicate, in turn, has a lead underwriter, who subscribes to insurance risks on behalf of the Names in the Syndicate. Lloyd's insurance is sold by a broker, who can spread risk among a number of Syndicates.

Lloyd's Syndicate Number 1861 ("Syndicate 1861") consists solely of one member or "Name", Tonicstar Ltd., which is incorporated in the United Kingdom and maintains its sole place of business in London, England. The active underwriter of Lloyd's Syndicate Number 2020 ("Syndicate 2020") is David Foreman, a citizen of the United Kingdom. Defendants have not provided any information regarding the citizenship of the Names that comprise Syndicate 2020.

According to the TIG Agreement, claims are processed pursuant to Lloyd's "1999 Claims Scheme." Under this scheme, all claims by TIG are handled in all respects by the lead underwriter, Syndicate 1861.

On January 6, 2006, Defendants removed the action to this Court in the Northern District of California on the basis of diversity. In their notice of removal to this Court, Defendants maintain that "complete diversity of citizenship exists, according to Plaintiff's [State Court] Complaint[.]"[4] However, Defendants' Notice of Removal contains no further allegations concerning Defendants'

---

[3] Raytheon's description of the structure of Lloyd's is consistent with Defendants' declarations in this case. See Fenner Declaration, ¶ ¶6-8. Defendants' provide no evidence indicating that the basic liability structure of Syndicate 1861 or Syndicate 2020 is any different than the general framework set out in Raytheon.

[4] Plaintiff's State Court Complaint states, "Venue is appropriate in this Court pursuant to Cal. Code Civ. Proc § 395(a) because neither defendant resides in the state." Def. Notice of Removal, Ex. A.

2

citizenship.

On January 10, 2006, Syndicate 2020 signed a document entitled, "Agreement To Be Bound." The "Agreement To Be Bound" delegated Syndicate 1861 all authority to handle Syndicate 2020's half of the claims. Additionally, under this agreement, Syndicate 2020 agreed to be bound by the claims handing decisions of Syndicate 1861, as well as by any decisions of this Court.

On January 17, 2006, Plaintiff filed the instant motion to remand, arguing that Defendants have not sufficiently alleged complete diversity as required by 28 U.S.C. § 1446(a).

## LEGAL STANDARD

A party can remove a case to federal court only if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal diversity jurisdiction requires both complete diversity of the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of showing the propriety of removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against the assumption of removal jurisdiction by federal courts. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id.*

## ANALYSIS

### I. Complete Diversity

A case falls within the federal district court's diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (U.S. 1998). Plaintiff argues that the citizenship of every Name in a Lloyd's Syndicate should be considered for diversity purposes and that Defendants have failed to meet their burden in showing that complete diversity exists. Defendants counter that the individual Names within Syndicate 2020 are not real parties in interest and need not be considered in the diversity analysis. Defendants argue that only the lead underwriter of Syndicate 2020, David Foreman, should be considered for diversity purposes.

The Ninth Circuit has not ruled on the issue of how to classify an entity such as Lloyd's for

3

diversity purposes. *Certain Underwriters at Lloyd's v. Raytheon Co.*, 2001 U.S. Dist. LEXIS 23876 (N.D. Cal. Dec. 3, 2001). Courts have generally applied one of two tests in their analysis of entities such as Lloyds: (1) the real party-in-interest test, or (2) the unincorporated association test. Although Courts have used differing approaches in their analysis, many courts have reached the same conclusion, namely, that a court must consider the citizenship of every Name in a Lloyd's Syndicate for diversity purposes.[5] See *Id.; Majestic Ins. Co. v. Allianz Int'l Ins. Co.,* 133 F. Supp. 2d 1218 (N.D. Cal. 2001); *Genstar Container Corp. v. Certain Underwriters at Lloyd's*, 2000 U.S. Dist. LEXIS 18741 (N.D. Cal. Dec. 22, 2000); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Inc. Co.,* 160 F.3d 925 (2nd Cir. 1998); *Indiana Gas Co., Inc. v. Home Ins. Co.,* 141 F.3d 314 (7th Cir. 1998). Similarly, here, the Court concludes that it must ultimately consider the citizenship of the underlying Names in its jurisdictional analysis, regardless of the test applied.[6] Accordingly, the Court will consider every Name within Syndicate 1861 and Syndicate 2020 for diversity purposes.

Defendants' jurisdictional allegations are insufficient on their face; Defendants' notice of removal merely alleges that complete diversity of citizenship exists, without any indication of the citizenship of the parties at suit. Removing defendants are required to include in their notice of removal an allegation of the citizenship of each party. 28 U.S.C. § 1446(a); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). Defendants have established that Syndicate 1861 consists solely of one foreign corporation, Tonicstar, a U.K. corporation. If these were the only two parties, diversity would exist between Syndicate 1861 and TIG, which is a California Corporation. As to Syndicate 2020, Defendants only assert that the active underwriter of

---

[5]The Second Circuit, applying the real party in interest test, found that all underwriters ("Names") are real parties in interest when the lead underwriter is a party to the action as a representative of all Names. *E.R. Squibb & Sons, Inc v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930-931 (2d Cir. 1998); *See also Certain Underwriters at Lloyd's London v. Raytheon* 2001 U.S. Dist. LEXIS 23876,*9 (N.D. Cal. Dec. 3, 2001) (reasoning that "Names are parties in interest. Every Name possesses unlimited several liability for his or her share of a policy risk...[I]f Names were not real parties in interest, 'it would follow that no insured could rely on their promises or use their wealth to support the insurance agreement'")(Citation omitted). Alternatively, the Seventh Circuit applied the unincorporated association test to find that a Lloyd's Syndicate assumes the citizenship of each of its subscribing underwriters ("Names"). *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998). The court reasoned that the syndicate should be treated as an unincorporated association because every Name faces unlimited liability for its share of the risk. *Id.* at 316.

[6]This Court recognizes that the Sixth Circuit used the real party in interest test to come to a different conclusion in *Certain Interested Underwriters at Lloyds v. Layne* 26 F.3d 39, 43 (6th Cir. 1994). In *Layne*, the court found that diversity existed because the Names were not real parties in interest and thus not part of the diversity analysis. *Id.* However, that court based its conclusion on a particular aspect of Tennessee law, which is inapplicable here. *Id.*

4

Syndicate 2020, David Foreman, is a foreign citizen. However, all the Names within Syndicate 2020 must also be diverse. Defendants have failed to show that every Name in Syndicate 2020 is not a citizen of California. Therefore, Defendants have failed to meet their burden under the diversity requirement.

Alternatively, Defendants contend that Syndicate 2020 should not be considered at all for the diversity analysis because Syndicate 2020 is not a real party in interest to Plaintiff's lawsuit. Fed. R. Civ. P. 17(a) requires that every action be prosecuted in the name of the real party in interest. In determining diversity jurisdiction, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Association v. Lee*, 446 U.S. 458, 461 (1980). "Real party in interest" is defined as a "party to whom the relevant substantive law grants a cause of action." *U-Haul International Inc. v. Jartran Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). In a diversity case, the Court determines whether a party is a real party in interest by reference to the applicable state law. *American Tricale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981).

Defendants fail to present any authority for the proposition that Syndicate 2020 is not a real party in interest. In California, "the real party in interest is one 'having an actual and substantial interest in the subject matter of the action and who would be benefitted or injured by the judgment in the action." (citation omitted). *County of Alameda v. State Board of Control (1993) 14 Cal. App. 4th 1096, 1103*. Here, both Syndicate 1863 and Syndicate 2020 agreed to reinsure TIG, and Syndicate 2020 fully participated in a 50% share of the reinsurance contract. (Birch Decl., Ex. A.) Based upon two agreements, the 1999 Claims Scheme and the "Agreement To Be Bound," Defendants contend that Syndicate 2020 delegated to Syndicate 1863 all authority to handle its share of the TIG claims.[7] Specifically, Syndicate 2020 agreed to be bound by the claims handling decisions of Syndicate 1861. However, the fact that Syndicate 2020 "makes no decisions" concerning TIG's lawsuit does not support Defendants' conclusion that Syndicate 2020 is not a real party in interest.

---

[7] Contrary to Defendant's argument, the "Agreement To Be Bound" cannot affect the diversity analysis because it was entered into after Plaintiff filed the Complaint. *See Strotek Corp. v. Air Transport Ass'n of America*, 263 F.3d 816, 819 (9th Cir. 2002) (holding that for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.).

5

Syndicate 2020 continues to be liable under the reinsurance contract and therefore is a party that can be financially "injured by the judgment in the action." Defendants have failed to meet their burden in demonstrating why Syndicate 2020 is merely a nominal party in this lawsuit. Accordingly, the Court finds that Syndicate 2020, as a whole, is a real party in interest and must be considered for the diversity analysis.

Although given ample opportunity to demonstrate complete diversity between Syndicate 2020 and TIG through their notice of removal and moving papers, Defendants have not done so. Defendants' showing of diversity consists solely of a reference to Plaintiff's venue allegations in its state court complaint. Defendants have not pleaded additional facts demonstrating the complete diversity of the parties. Since federal jurisdiction must be rejected if there is any doubt as to the right of removal, and such questions are resolved in favor of the party moving for remand, the Court hereby **REMANDS** this action to the court from where it originated. *Gaus*, 980 F.2d 564, 566.[8]

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. The Court orders this case **REMANDED** to the Superior Court of the State of California in and for the County of Contra Costa.[9]

**IT IS SO ORDERED.**

Dated: __3/2/2006_____, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[8] The Court **DENIES** Plaintiff's request for costs, as Defendants' basis for removal was at least colorable given the state of the law in the Ninth Circuit.

[9] The Court also **DENIES** Defendants' Motion to Dismiss as Moot (Docket No. 4).